**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02555-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

MANUEL DePINEDA,

    Applicant,

v.

LOU ARCHULETA, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

**ORDER TO CURE DEFICIENCY**

---

    Applicant, Manuel DePineda, has submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his state court criminal conviction and sentence.  Mr. DePineda previously has sought habeas corpus relief in the District of Colorado pursuant to § 2254 challenging the validity of the same state court conviction and sentence.  *See DePineda v. McKenna*, No. 90-cv-01443-SGF-DEA (D. Colo. Oct. 17, 1990), *appeal dismissed*, No. 90-1312, 1991 WL 65066 (10th Cir. Apr. 24, 1991); *DePineda v. Gunter*, No. 91-cv-00977-DBS-RMB (D. Colo. Aug. 5, 1991), *appeal dismissed*, No. 91-1294, 1991 WL 268841 (10th Cir. Dec. 11, 1991); *DePineda v. Cooper*, No. 92-cv-01400-LTB (D. Colo. Nov. 16, 1992), *aff'd*, No. 93-1212, 1993 WL 482907 (10th Cir. Nov. 22, 1993); *DePineda v. Gunter*, No. 93-cv-00446-EWN (D. Colo. Apr. 30, 1994); *DePineda v. Zavaras*, No. 93-cv-02665-LTB (D. Colo. Jan. 20, 1994), *aff'd*, No. 94-1052, 1994 WL 475019 (10th Cir. Sept. 1, 1994); *DePineda v. Golder*, No.

03-cv-01106-ZLW (D. Colo. July 1, 2003); *DePineda v. Ortiz*, No. 04-cv-01199-ZLW (D. Colo. July 20, 2004); *DePineda v. Ortiz*, No. 05-cv-00691-ZLW (D. Colo. Apr. 22, 2005); *DePineda v. Milyard*, No. 09-cv-02009-ZLW (D. Colo. Sept. 16, 2009), *appeal dismissed*, No. 09-1424 (10th Cir. Dec. 10, 2009); *DePineda v. Milyard*, No. 09-cv-02594-ZLW (D. Colo. Nov. 20, 2009), *appeal dismissed*, No. 09-1540 (10th Cir. Feb. 11, 2010); *DePineda v. Clements*, No. 12-cv-02066-LTB (D. Colo. Aug. 14, 2012); *DePineda v. Clements*, No. 12-cv-03089-LTB (D. Colo. Nov. 30, 2012), *appeal dismissed*, No. 12-1489 (10th Cir. Jan. 9, 2013); *DePineda v. Medina*, No. 13-cv-00152-LTB (D. Colo. Mar. 8, 2013), *appeal dismissed*, No. 13-1105 (10th Cir. Apr. 3, 2013); *Depineda v. Archuleta*, No. 13-cv-02181-LTB (D. Colo. Aug. 19, 2013). One of these prior actions was dismissed without prejudice for failure to exhaust state remedies. *See* 92-cv-01400-LTB. Four of these prior actions were dismissed on the merits. *See* 93-cv-02665-LTB; 93-cv-00446-EWN; 91-cv-00977-DBS-RMB; 90-cv-01443-SGF-DEA. Three other actions were transferred to the Tenth Circuit because Mr. DePineda had not obtained authorization from that court to file a second or successive application. *See* 05-cv-00691-ZLW; 04-cv-01199-ZLW; 03-cv-01106-ZLW. Mr. DePineda's most recent habeas corpus actions challenging the validity of his conviction and sentence were dismissed for lack of jurisdiction because he had not obtained the necessary authorization to file a second or successive application. *See* 13-cv-02181-LTB; 13-cv-00152-LTB; 12-cv-03089-LTB; 12-cv-02066-LTB; 09-cv-02594-ZLW; 09-cv-02009-ZLW.

Although Mr. DePineda fails to list all of these prior actions in the application (*see* ECF No. 1 at 7), the court may take judicial notice of its own records and files that are part of the court's public records, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins.*

*Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). The court has examined the records for the cases listed above and finds that Mr. DePineda previously has challenged the validity of his conviction and sentence. Therefore, the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. DePineda must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Although Mr. DePineda alleges that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application (*see* ECF No. 1 at 7), he fails to provide proof of such authorization to the court. Therefore, Mr. DePineda will be ordered to cure this deficiency by submitting to the court documentary evidence that he

has received authorization from the Tenth Circuit to file a second or successive habeas corpus application challenging the validity of his conviction and sentence. Accordingly, it is

ORDERED that, **within fourteen (14) days from the date of this order**, Applicant shall submit to the court proof that he has obtained authorization from the United States Court of Appeals for the Tenth Circuit to file a second or successive habeas corpus application.

DATED September 19, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge